**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| JUSTSERVICE.NET LLC,<br>an Illinois company,<br><br>           Plaintiff,<br>v.<br><br>PCLOUD AG,<br>a Swiss public limited company,<br><br>         Defendant. | Civil Action No.:  6:21-cv-1242<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Justservice.net LLC ("Justservice"), by its undersigned attorneys, alleges claims of patent infringement against Defendant pCloud AG ("pCloud"), with knowledge of its own acts and on information and belief as to other matters, as follows:

## PARTIES

1.      Justservice is an Illinois limited liability company with its headquarters and principal place of business at 2940 North Clark Street, Chicago, Illinois 60657.

2.      pCloud is a Swiss public limited company with headquarters in Switzerland at 74 Zugerstrasse Str, 6340 Baar, Zug, Switzerland.

3.      pCloud may be served pursuant to the Hague Convention through the Zug Canton Central Authority at Obergericht des Kantons Zug, Kirchenstrasse 6, Postfach 760, 6301 Zug/The  Federal Justice and Police Department, Federal Office of Justice, International Legal Assistance, Bunderain 20, 3003 Bern, Switzerland.

4.      pCloud offers virtual data storage systems and synchronization systems in this district, throughout Texas, and worldwide.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement under the patent laws of the United States, namely, 35 U.S.C. §§ 271, 281, and 284, among others. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).

6.      This Court has personal jurisdiction over pCloud because it uses and sells its products, including the infringing products detailed in this Complaint, in Texas.  pCloud thus transacts business in the State of Texas and, on information and belief, in this Judicial District, as well as throughout the United States by conducting at least a portion of the alleged infringement in Texas, by regularly doing or soliciting business in Texas, by maintaining continuous and systematic contacts in Texas, by purposefully availing itself of the privileges of doing business in Texas, and by deriving substantial revenue from goods or services provided to individuals or entities located in Texas, or some combination of the foregoing.

7.      pCloud maintains a data center in Dallas, Texas.  *See Data Centers*, PCLOUD – CERTIFICATION, https://www.pcloud.com/company/certification.html.  The locations that pCloud stores data are shown in its diagram below:



**Data Regions & Infrastructure**

Our security approach focuses on making sure your data is safe and you're as much in control as possible. When you sign up for pCloud, you choose the data region, where your files and personal data are stored - either in the 🇺🇸 **United States** (Dallas, Texas) or the 🇪🇺 **European Union** (Luxembourg).

8.      Venue is proper in this Judicial District pursuant to Title 28, Sections 1391 and 1400 because pCloud is a foreign company that does not reside in any Judicial District and is subject to this Court's personal jurisdiction due to their infringing acts within this district and Texas, generally.

## FACTUAL ALLEGATIONS AND UNDERLYING CLAIMS

### Justservice's Patents

9.      Mr. Thomas Fiducci is the founder of Justservice and the inventor of a variety of computer systems and electromechanical devices.  In 2003, Mr. Fiducci recognized a need for cloud computing and file storage.  He recognized the challenge that is often faced when a computer, tablet or phone fails, or is lost or stolen, and files are lost.  It was at that time that he conceived of the idea to create a browser-based virtual data storage and transfer system called Vdata.

10.     By late April 2004, Vdata was a fully functioning cloud-based system – a virtual storage system that backs-up, stores, and transfers files and one that allows users to access files remotely, across multiple devices, and share files with multiple users.  Vdata successfully removed the vulnerability of software and hardware failure by eliminating the need for personal data storage.

11.     Vdata provided a virtual server user interface that allowed users to upload and download files through a standard browser without installing any specialized software on their computers.  An exemplary mockup of the virtual server user interface as ultimately displayed in a browser window through Vdata is represented below:



12.     Vdata provided administrator controls through a virtual server user interface that allowed administrators to control user permissions for multiple user accounts linked to a single business account.  An exemplary mockup of the Vdata administrator interface as displayed in a browser window through Vdata is represented below:



PROVIDED BY
**JUST SERVICE**®

| ⠿ Overview | **Administrator** | | | | |
|---|---|---|---|---|---|
| Administrator  Log Out  Log Files | Admin Files | Main Scheduler | Add User | Delete User | SAVE |
| **User 1**  File Rights  Delete  ○  View Only  ○  Add  ○  Login Local  ○  Login remote  ○ | Bob Smith  Account Info | My Scheduler  Files Received | My Files  Files Sent | My Emails  Remote User | My Addressbook |
| **User 2**  File Rights  Delete  ○  View Only  ○  Add  ○  Login Local  ○  Login remote  ○ | Tom Jones  Account Info | My Scheduler  Files Received | My Files  Files Sent | My Files  Files Sent | My Addressbook |
| **User 3**  File Rights  Delete  ○  View Only  ○  Add  ○  Login Local  ○  Login remote  ○ | Carol Homer  Account Info | My Scheduler  Files Received | My Files  Files Sent | My Files  Files Sent | My Addressbook |
| **User 4**  File Rights  Delete  ○  View Only  ○  Add  ○  Login Local  ○  Login remote  ○ | Jim Shiller  Account Info | My Scheduler  Files Received | My Files  Files Sent | My Files  Files Sent | My Addressbook |

13.    Within the first year of Vdata's launch, hundreds of Justservice customers were using the Vdata system for storing and accessing data.  By 2007, the Vdata system had generated substantial revenue from Justservice's customers.  However, in the following years a number of competitors, including pCloud in 2013, entered the market and offered systems and services that copied the inventive concepts of Vdata such that use of the Vdata system fell out of favor. Today, Justservice has only one paying customer using the Vdata system.

**The Asserted Patents**

14.     On February 28, 2012, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 8,126,990 ("the '990 Patent"), entitled "Data Backup and Transfer System, Method and Computer Program Product."  Mr. Fiducci assigned the '990 Patent to Justservice, and that Assignment is recorded at Reel/Frame No. 028803/0357 of the USPTO Assignment Database.

15.     The '990 Patent discloses a virtual data storage system and method for backing up, storing, and transferring computer data.  For example, Claim 12 of the '990 Patent covers a method for a virtual data storage system to upload and download data between a virtual data storage account and a user's computer.  A user can access the virtual data storage account via a website and the account user can access his or her personal virtual data storage account using an account user identification.  Further, the virtual data storage system provides access across multiple devices by verifying the account user with their personal account identification.

16.     On June 5, 2012, the USPTO issued U.S. Patent No. 8,195,776 ("the '776 Patent") entitled "Data Backup, Storage, Transfer and Retrieval System, Method and Computer Program Product."  Mr. Fiducci assigned the '776 Patent to Justservice, and that Assignment is recorded at Reel/Frame No. 028803/0357.

17.     The '776 Patent discloses a data storage system and a means for the data storage system to back up, store, and transfer computer data and authorize subusers' access to the data. For example, Claim 1 of the '776 Patent covers a means for the virtual data storage system to verify each account user and after verification, display data files unique to the account user.  The data storage system transfers files to and from the user's personal computer.  In addition, the virtual data storage system provides a means for the account user to authorize subusers and set

permissions for the subusers.  The data storage system instructs a user computer to no longer recognize the data storage system when the user logs off of the data storage system.

18.     On March 5, 2013, the USPTO issued U.S. Patent No. 8,392,542 ("the '542 Patent") entitled "Data Backup, Storage, Transfer and Retrieval System, Method and Computer Program Product."  Mr. Fiducci assigned the '542 Patent to Justservice, and that Assignment is recorded at Reel/Frame No. 028803/0357.

19.     The '542 Patent discloses a virtual data storage system capable of managing multiple user accounts.  For example, Claim 1 of the '542 Patent covers a system that verifies account user access and once verified, transfers files between the virtual data storage system and the account user's computer.  The virtual data storage system further manages multiple user accounts whereby there is a primary account holder and subaccounts associated with the primary account.  Among other things, authorized subaccount users have file right to access subaccount files and shared account files.

20.     On August 1, 2017, the USPTO issued U.S. Patent No. 9,722,993 ("the '993 Patent"), entitled "Data Backup and Transfer System, Method and Computer Program Product." Mr. Fiducci assigned the '993 Patent to Justservice, and that Assignment is recorded at Reel/Frame No. 028803/0357 of the USPTO Assignment Database.

21.     The '993 Patent discloses a virtual data storage system capable of managing multiple accounts and backing up, storing, and transferring computer data.  For example, Claim 16 of the '993 Patent covers a virtual data storage system that can be displayed in a browser window and that upon verifying user access information, connects over a network to the user's computer.  The virtual data storage system displays information related to the stored files and it displays, in icon view, various functions that the system is capable of performing.  The virtual

data storage system is also capable of uploading and downloading user selected files to and from the user's personal computer.  In addition, the virtual data storage system can manage multiple user accounts and enables the account users to share files with each other, whereby there is a primary account holder and multiple subaccounts, and the primary account holder has the option to set the subaccounts' file rights, such as the right to access certain file types.

22.     On August 20, 2019, the USPTO issued U.S. Patent No. 10,387,270 ("the '270 Patent"), entitled "Data Backup, Storage, Transfer and Retrieval System, Method and Computer Program Support."  Mr. Fiducci assigned the '270 Patent to Justservice, and that Assignment is recorded at Reel/Frame No. 038655/0430 of the USPTO Assignment Database.

23.     The '270 Patent discloses a virtual data storage system capable of managing multiple accounts and backing up, storing, and transferring computer data.  For example, Claim 1 of the '270 Patent covers a virtual data storage system with a processor coupled to a memory that transfers and stores information relating to one or more files.  The virtual data storage system is capable of verifying user access to a particular user account and managing several subaccounts. The virtual storage system allows for association of a primary account with multiple subaccounts and further has functions that allow the primary account to set the subaccounts' file right permissions, such as the right to view or delete a file or add files.

24.     The '990, '776, '542, '993, and '270 Patents are collectively known as the "Asserted Patents."

25.     Justservice previously filed a patent infringement lawsuit against Dropbox, Inc. ("Dropbox") involving the Asserted Patents in this District in the case *Justservice.net LLC v. Dropbox, Inc.*, No. 6:20-cv-00070-ADA, ECF No. 1 (W.D. Tex. filed Jan. 30, 2020) (the "Dropbox Litigation").

26.     On September 14, 2021, the parties in the Dropbox Litigation filed a Joint Motion to Stay All Deadlines and Notice of Settlement.  *Id.,* ECF No. 71.

27.     The Dropbox Litigation was dismissed pursuant to a joint stipulation on November 16, 2021.  *Id*., ECF No. 84.

### pCloud's Products

28.     Upon information and belief, in 2013, pCloud began making and using a browser-based file storage and transfer system and offering for sale and selling file storage and transfer services.  Such systems evolved to include pCloud packages provided for individuals ("pCloud for Individuals"), for families ("pCloud Family"), and businesses ("pCloud Business") (collectively, the "Accused Systems").

29.     pCloud has compared its features to those provided by Dropbox that were accused of providing infringing functionality in the Dropbox Litigation.  *See pCloud Drive vs. Dropbox Smart Sync*, PCLOUD – THE PCLOUD BLOG, https://blog.pcloud.com/pcloud-drive-vs-dropbox-smart-sync/ (dated Feb. 3, 2017) ("Dropbox took their sweet time coming up with Smart Sync but it seems the service needs some tweaking still. If you are shopping for a real virtual hard drive and a way to expand the memory of your computer, sign up for pCloud and download our desktop app.").  pCloud positions themselves as an alternative that provides similar services to Dropbox, *albeit* with additional functions. *The best secure Dropbox alternative!*, PCLOUD, https://www.pcloud.com/dropbox-alternative/.

30.     The Accused Systems, like Justservice's Vdata, provide a means to store and access files remotely and to transfer and access files across multiple devices using a virtual server.  pCloud provides and controls the hardware instrumentalities of the Accused Systems, including the hardware servers and backend server software that run the backend server system

and store user files and the customer-facing virtual server software systems that permit pCloud to scan user computer systems and transfer files, as well as permit users to access and use the Accused Systems.

31.     In addition to using a standard web browser, the Accused Systems can be accessed through desktop applications for computers running Linux, Windows, and Apple operating systems, as well as applications for mobile devices using iOS and Android operating systems (collectively, "client software").  The various client software systems allow users to access a common set of file storage and transfer features provided by pCloud's backend systems that comprise the Accused Systems.

32.     In terms of backend hardware that make up part of the Accused Systems, pCloud controls server farms located in Dallas, Texas that run its customized software to operate its virtual server products by managing accounts, scanning customer computers, transferring files, and storing files.  *See Data Regions & Infrastructure*, PCLOUD: DATA REGIONS, https://www.pcloud.com/data-regions/.

33.     pCloud provides backend software that supports the operation of the backend hardware to provide the advertised functionality of the Accused Systems.  In terms of backend software that make up part of the Accused Systems, on information and belief, pCloud develops and controls the server software that controls access to and transfers files, in addition to producing user notifications to customers.

34.     The Accused Systems have all the elements of at least Claims 12-14 of the '990 Patent.  All the elements of at least Claims 1-2 and 8-9 of the '776 Patent; Claims 1-8 of the '542 Patent, Claim 16 of the '993 Patent; and Claims 1-3 and 5-7 of the '270 Patent are present in at least pCloud Family or pCloud Business.

35.     With regard to Claim 12 of the '990 Patent, the Accused Systems are Internet-connected and capable of uploading data that a user of the Accused Systems has selected from the user's personal computer through a web browser and, likewise, the Accused Systems are capable of downloading data stored on the Accused Systems' virtual data storage, that the user has selected, to the user's personal computer. *See How can I upload files or folders?*, PCLOUD – WEB HELP CENTER, https://www.pcloud.com/help/web-help-center/how-can-i-upload-files-or-folders ("The simplest way to upload a file to pCloud is to open my.pCloud and drag and drop it."); *How can I download files or folders?*, PCLOUD – WEB HELP CENTER, https://www.pcloud.com/help/web-help-center/how-can-i-download-files-or-folders ("Click on Download in order to save locally. If you download a folder, it will be saved in a .zip archive."). The client software for pCloud accesses these same functions of the virtual server through the Internet and facilitates the additional capability of automatic synchronization, by which the Accused Systems automatically upload and download files. *See What is instant synchronization?*, PCLOUD – GENERAL HELP CENTER, https://www.pcloud.com/help/general-help-center/what-is-instant-synchronization ("simply adding files to your pCloud Drive folders will immediately sync your data on all of your devices. Now all your uploaded data is accessible by you").

36.     Further, the Accused Systems link with a user's computer and allow it to access the virtual data storage via a system website, www.pCloud.com, or client software.  The virtual server allows access across multiple user devices by requiring the user to enter the user's personal account user identification from any of the multiple devices and verifying that information.

37.     Further, the Accused Systems require the user to enter the user's personal account user identification from the user's computer in order to access the user's data stored on the Accused Systems' virtual data storage.  *See Can I access my pCloud account with an email address, even though I signed up with my Facebook/Google/Apple account?*, PCLOUD – GENERAL HELP CENTER, https://www.pcloud.com/help/general-help-center/can-i-access-my-pcloud-account-with-an-email-address-even-though-i-signed-up-with-my-facebook-google-apple-account ("You will receive an email on the address you have entered, with instructions on how to setup a password for your pCloud account."); *Why should I verify my e-mail?*, PCLOUD – GENERAL HELP CENTER, https://www.pcloud.com/help/general-help-center/why-should-i-verify-my-e-mail. The instructions and interface to require the creation of a user account, and require the user to enter user identification via the Internet are shown below:



38.     The Accused Systems verify the user identification against stored information and, upon authentication, can download unique user data that becomes associated with the particular account.  In order to download unique user data, pCloud accesses and scans user files on the user's computer.  *See How can I upload files and folders?*, PCLOUD – WEB HELP CENTER, https://www.pcloud.com/help/web-help-center/how-can-i-upload-files-or-folders ("Select the File Upload tab, browse for the file you want to upload and confirm").  The client software for pCloud likewise requires verification of user information to access files on the virtual server. *See Will I lose the synced files/folders if I unlink or log out?*, PCLOUD – DRIVE HELP CENTER, https://www.pcloud.com/help/drive-help-center/will-i-lose-the-synced-files-folders-if-i-unlink-or-log-out ("After you re-log in to your account, the sync will resume.").  One interface created by the Accused Systems through a standard web browser for this process is shown below:



Files on a storage device of a user's computer scanned by pCloud

User data files downloaded by pCloud

39.     Many, if not most computer users, including pCloud customers, replace their computers over time and others experience failures that require service or replacement of their computer.  pCloud enables a user to access files stored on the pCloud data storage from a replaced or repaired second computer by signing on to the user's existing pCloud storage account at www.pCloud.com, using the second computer, thereby linking pCloud's virtual storage system with the second computer and its storage device.  pCloud specifically markets this functionality. *See Recover old versions in up to 1 year*, PCLOUD – BACKUP, https://www.pcloud.com/backup.html ("Your files will be protected from theft, hard drive failure or ransomware.").  pCloud thereby transfers at least a portion of the unique file associated with a user account between the system computer data storage and a second computer's storage device via the Internet.

40.     With regard to Claim 13 of the '990 Patent, the Accused Systems also function on all types of computers with web browsers - including home and office computers.  pCloud facilitates login from and transfer of data between a user's home and office computers via the Accused Systems' virtual data servers.  pCloud specifically encourages this functionality by allowing users to install client software on multiple computers to automate transfers between them, allowing linking to up to five devices.  *See Is there a limit to the number of devices I can link to my pCloud account?*, PCLOUD – GENERAL HELP, https://www.pcloud.com/help/general-help-center/is-there-a-limit-to-the-number-of-devices-i-can-link-to-my-pcloud-account. Testing shows that the virtual system will link with both an office and home computer using the same account.

41.     With regard to Claim 14 of the '990 Patent, the Accused Systems also function to display contents of the second computer previously stored on the system computer when the

system displays, for example, files previously downloaded by the system computer from an office computer appear on a home computer in the image below:



Contents of another computer previously downloaded by the system computer

42.     With regard to Claim 1 of the '776 Patent, pCloud Business also provides a software means for its Internet-connected virtual data storage system to back up, store, access, retrieve, and transfer computer data from and to an account user computer storage device.  The software means further allows an account user to authorize subusers' access to account data files and limit file access permissions of subusers.  *See What are admin settings?*, PCLOUD – BUSINESS HELP CENTER, https://www.pcloud.com/help/business-help-center/what-are-admin-settings ("The admin (administration) settings give a user the opportunity to manage the account in various ways, or limit its management rights to any degree the account owner likes.").  pCloud's Accused Systems include multiple pCloud Business accounts that each have multiple subaccounts.

43.     pCloud Business provides a software means for its virtual data storage system to verify each account user and subuser, by way of an authorized email address and password, and after verification, displays data files unique to the account user and for an authorized subuser

consistent with the subuser's permissions. *See Can I access my pCloud account with an email address, even though I signed up with my Facebook/Google/Apple account?*, PCLOUD – GENERAL HELP CENTER, https://www.pcloud.com/help/general-help-center/can-i-access-my-pcloud-account-with-an-email-address-even-though-i-signed-up-with-my-facebook-google-apple-account ("You will receive an email on the address you have entered, with instructions on how to setup a password for your pCloud account.").

      44.    pCloud Business transfers files to and from the user's personal computer by means of software and allows its account users to authorize subusers and set permissions for the subusers through means of software running in the virtual server and user web browser or client software.  By means of software installed on a user's computer pCloud Business instructs the account user computer to recognize and display files solely associated with the user's account that are in reality resident on the system storage device as locally stored and accessible.  This is accomplished through means of software running in the virtual server and client software.  *See How do I enable the pCloud virtual drive on my computer?*, PCLOUD – DRIVE HELP CENTER, https://www.pcloud.com/help/drive-help-center/how-do-i-enable-the-pcloud-virtual-drive-on-my-computer* ("When you log in to the application, the pCloud virtual drive is automatically enabled on your system, by default.").  Further, when a pCloud user logs off, pCloud software instructs the user's computer and its client software to no longer recognize the pCloud virtual data storage as available in local storage.  *See How do I disable the pCloud virtual drive on my computer?*, PCLOUD – DRIVE HELP CENTER, https://www.pcloud.com/help/drive-help-center/how-do-i-disable-the-pcloud-virtual-drive-on-my-computer* ("To disable the pCloud virtual drive simply log out from the application.").  pCloud emphasizes that its client software limits the files actually stored locally, but nonetheless represents the availability of such files.

*pCloud Drive vs. Dropbox Smart Sync*, PCLOUD – THE PCLOUD BLOG,

https://blog.pcloud.com/pcloud-drive-vs-dropbox-smart-sync/ (dated Feb. 3, 2017) ("pCloud

Drive doesn't take up any space on your local hard disk. Period.").

     45.    With regard to Claim 2 of the '776 Patent, pCloud Business also has software

means that displays a graphical user interface through a web browser that allows users to set file

access permissions for subaccounts.  *See How do I edit user's information?*, PCLOUD – BUSINESS

HELP CENTER, https://www.pcloud.com/help/business-help-center/how-do-i-edit-users-

information ("In the **User Share Settings** subsection you can set the rights that the user gets for

sharing and receiving shares.").  One graphical user interface created by the Accused Systems for

this process, which creates default file control access, is shown below:





46.     With regard to Claim 8 of the '776 Patent, pCloud Business provides an Access Permissions interface specific to individual subusers or users, allowing withdrawal of access permissions from a specific user or subuser.  One graphical user interface created by the Accused Systems for this process, which allows control of Access Permissions for individual users, is shown below:

18



47.     With regard to Claim 9 of the '776 Patent, pCloud's servers running pCloud Business include multiple auxiliary storage devices that maintain backup copies of the contents of the system computer's storage in multiple locations.  *See Security*, PCLOUD – FEATURES, https://www.pcloud.com/features/security.html ("With pCloud, your files are stored on at least three server locations in a highly secure data storage area.").

48.     With regard to Claims 1 and 2 of the '542 Patent, a plurality of pCloud Family and Business user accounts also have a primary account user and further include one or more user

subaccounts, managed by at least one account administrator.  For pCloud Family, the "family

plan owner" is the primary account user and the invited "family members" hold subaccounts.

*See What's the difference between the Family plan owner and the Family member?*, PCLOUD –

PCLOUD FOR FAMILY, https://www.pcloud.com/help/pcloud-for-family/whats-the-difference-

between-the-family-plan-owner-and-the-family-member ("A Family plan owner is the person,

who buys the Family plan. They Family plan owner is the only one who can: add or remove

family members").  For pCloud Business, the "business account" is the primary user account and

invited "users" hold subaccounts.  *See What are Account Settings and how to modify them?*,

PCLOUD – BUSINESS HELP CENTER, https://www.pcloud.com/help/business-help-center/what-are-

account-settings-and-how-to-modify-them.

49.     pCloud's Accused Systems include multiple pCloud Business and Family

accounts that each have multiple subaccounts.  *See To the 8 million people, who use pCloud -

Thank you!*, PCLOUD – THE PCLOUD BLOG, https://blog.pcloud.com/8-million-people-use-pcloud-

thank/ (dated May 3, 2018) ("we can now welcome 8 million pClouders on board.").  Accounts

and subaccounts each contain associated files, including at account creation when accounts are

populated with a number of sample files, such as those shown below:



50.     Primary account users for pCloud Family and Business can manage others' file rights to primary account files shared on the virtual server.  *See What's the difference between View, Edit and Manage permission levels?*, PCLOUD – BUSINESS HELP CENTER, https://www.pcloud.com/help/business-help-center/whats-the-difference-between-view-edit-and-manage-permission-levels; *How to manage the family members in my Family plan?*, PCLOUD – PCLOUD FOR FAMILY, https://www.pcloud.com/help/pcloud-for-family/how-to-manage-the-family-members-in-my-family-plan ("Go to my.pCloud and open the Family tab (it's located in the sidebar)").  One graphical user interface created by the Accused Systems for this process, which allows control of Access Permissions for individual users, is shown below:



51.     pCloud Family and Business verify each account user before allowing access to the pCloud storage account.  Once verified, pCloud Family and Business will display information about files related to the particular account and transfer such files between the virtual data storage system and the account user's computer.  *See How can I upload files and folders?*, PCLOUD – WEB HELP CENTER, https://www.pcloud.com/help/web-help-center/how-can-i-download-files-or-folders ("Every file and folder has a **More options** button on its right side. Select the **More options** button and you'll see multiple options to choose from.  Click on

**Download** in order to save locally.").  One graphical user interface created by the Accused

Systems for this functionality is shown below:



52.    With regard to Claim 3 of the '542 Patent, pCloud's virtual server maintains the

file rights associated with files stored in pCloud Family and Business subaccounts.  See *Do other*

*family members have access to my files?*, PCLOUD – PCLOUD FOR FAMILY,

https://www.pcloud.com/help/pcloud-for-family/do-other-family-members-have-access-to-my-

files; *What are Account Settings and how to modify them?*, PCLOUD – BUSINESS HELP CENTER,

https://www.pcloud.com/help/business-help-center/what-are-account-settings-and-how-to-

modify-them.  One graphical user interface created by the Accused Systems to control stored file

rights is shown below:



22

53.     With regard to Claim 4 of the '542 Patent, pCloud Business provides an Access Permissions interface specific to individual subusers or users, allowing withdrawal of access permissions from a specific user or subuser.

54.     With regard to Claim 5 of the '542 Patent, pCloud's servers running pCloud Business include multiple auxiliary storage devices that maintain backup copies of the contents of the system computer's storage in multiple locations.  *See Security*, PCLOUD – FEATURES, https://www.pcloud.com/features/security.html ("With pCloud, your files are stored on at least three server locations in a highly secure data storage area.").

55.     With regard to Claim 6 of the '542 Patent, pCloud Family and Business backup user files periodically to at least three server locations.  *Id*.

56.     With regard to Claim 7 of the '542 Patent, pCloud Family and Business displays over the Internet a list of files stored on its virtual server for a particular user.  The list of files shown below is generated by pCloud Business and pCloud Family provides a materially identical interface to the one shown below:

| | | | |
|---|---|---|---|
| ☐ Ⓧ Book1.xlsx | | 8.1 KB | 10/13/2021 |
| ☐ Copy-of-Untitled-2.png | | 78.3 KB | 10/13/2021 |
| ☐ full-text-search.gif | | 405.3 KB | 10/13/2021 |
| ☐ Getting started with pCloud.pdf | | 15.6 MB | 10/4/2021 |
| ☐ Ⓟ Presentation1.pptx | | 31.4 KB | 10/13/2021 |
| ☐ Ⓦ Video provides a powerful way to help you prove your point.docx | | 17.0 KB | 10/13/2021 |
| ☐ Video provides a powerful way to help you prove your point.pdf | | 43.9 KB | 10/13/2021 |

57.     With regard to Claim 8 of the '542 Patent, pCloud Family and Business use servers connected to the Internet. *See Why can't I access my folders/files in pCloud Drive?*, PCLOUD – DRIVE HELP CENTER, https://www.pcloud.com/help/drive-help-center/why-cant-i-

access-my-folders-files-in-pcloud-drive ("You may not be able to access your files or folders in your pCloud Drive if you are not connected to the Internet.").

58.     With regard to Claim 16 of the '993 Patent, pCloud Family and Business are adapted to connect over the Internet to a user's computer upon verification of the user's identification and display its virtual data storage in a browser window on the user's computer. pCloud Family and Business further display information related to the stored files and displays various functions that the virtual server is capable of performing, such as upload, download, and share file functions. *See How can I upload files and folders?*, PCLOUD – WEB HELP CENTER, https://www.pcloud.com/help/web-help-center/how-can-i-download-files-or-folders.  pCloud Family and Business are capable of uploading a first group of user-selected files and downloading a second group of user selected files to and from the user's computer using the graphical user interface, as shown above.  pCloud Family and Business are also adapted to manage a plurality of user accounts whereby there is a primary account user, i.e., the "family plan owner" or "business account," is the primary account user and can set file right permissions for subaccounts, i.e., the invited "family members" or "user" hold subaccounts. *See What's the difference between the Family plan owner and the Family member?*, PCLOUD – PCLOUD FOR FAMILY, https://www.pcloud.com/help/pcloud-for-family/whats-the-difference-between-the-family-plan-owner-and-the-family-member.

59.     pCloud Family and Business verify each account user before allowing access to the pCloud storage account.  Once verified, pCloud Family and Business will display information about files related to the particular account and transfer such files between the virtual data storage system and the account user's computer.  *See How can I upload files and folders?*, PCLOUD – WEB HELP CENTER, https://www.pcloud.com/help/web-help-center/how-can-

i-download-files-or-folders ("Every file and folder has a **More options** button on its right side. Select the **More options** button and you'll see multiple options to choose from.  Click on **Download** in order to save locally.").  One graphical user interface created by the Accused Systems for this functionality that includes an icon view of system functions is shown below:



60.     pCloud enables account holders to limit access by file type by limiting particular users or non-owners' access to certain file types or folders, including limiting the ability to access files by type and share files in bulk by type.  One graphical user interface created by the Accused Systems to control stored file rights is shown below:



61.     With regard to Claim 1 of the '270 Patent, data centers that run pCloud Business also consist of server racks that have a processor coupled to a memory for implementing

instructions including transferring over a network and storing information.  *See Data Centers*, PCLOUD – CERTIFICATION, https://www.pcloud.com/company/certification.html.  pCloud Family and Business verify user access to a particular user account by requiring the user to enter login credentials such as the user's email address and password.  *See A user has lost their password. How can I reset it?*, PCLOUD – BUSINESS HELP CENTER, https://www.pcloud.com/help/business-help-center/a-user-has-lost-their-password-how-can-i-reset-it.  pCloud Business hosts a plurality of user accounts each including one or more files, even at account creation as discussed above.

62.     pCloud Business verifies each account user and subaccount user before allowing access to their pCloud storage account.  Once verified, pCloud Business will store information about files received from the particular account and transfer information about files associated with an account between the virtual data storage system and the account user's computer.  *See How can I upload files and folders?*, PCLOUD – WEB HELP CENTER, https://www.pcloud.com/help/web-help-center/how-can-i-download-files-or-folders ("Every file and folder has a **More options** button on its right side. Select the **More options** button and you'll see multiple options to choose from.  Click on **Download** in order to save locally."); *How can I sort my files?*, PCLOUD – WEB HELP CENTER, https://www.pcloud.com/help/web-help-center/how-can-i-sort-my-files ("The pCloud Web platform provides you with a simple and easy-to-use software which allows you to sort your files in five different ways.").

63.     pCloud Business allows the holder of a user account to manage several subaccounts where the subaccounts are associated with a particular user account and there is at least one subaccount user associated with each subaccount.  *See How do I join a Business Account (for non-administrators)?*, PCLOUD – BUSINESS HELP CENTER, https://www.pcloud.com/help/business-help-center/how-do-i-join-a-business-account-for-non-

administrators.  pCloud Business allows a primary user account to invite other users to create

accounts, i.e. subaccounts.  pCloud Business further allows a primary account user to set file

right permissions of the subaccounts such as the right to view, edit, add, or delete files.  For

pCloud Business, the "business account" is the primary user account and invites "users" to hold

subaccounts.  *See What are Account Settings and how to modify them?*, PCLOUD – BUSINESS

HELP CENTER, https://www.pcloud.com/help/business-help-center/what-are-account-settings-

and-how-to-modify-them.  Such subaccounts are associated with and store their own files, as

well as controlling file access permissions for associated files, including limits on accessing and

deleting files.  *See What's the difference between View, Edit and Manage permission levels?*,

PCLOUD – BUSINESS HELP CENTER, https://www.pcloud.com/help/business-help-center/whats-

the-difference-between-view-edit-and-manage-permission-levels ("When you invite users to

shared folders with the option "Invite to folder", you can control the level of access they get").

    64.    With regard to Claim 2-3 of the '270 Patent, pCloud Business provides primary

account users with the ability to control user file rights permissions for associated subaccounts,

such as access to shared files and folders.  *See What are Account Settings and how to modify

them?*, PCLOUD – BUSINESS HELP CENTER, https://www.pcloud.com/help/business-help-

center/what-are-account-settings-and-how-to-modify-them.

    65.    With regard to Claim 5 of the '270 Patent, pCloud Business periodically transfers

the contents of user accounts to auxiliary storage locations for back up.  *See Data Centers*,

PCLOUD – CERTIFICATION, https://www.pcloud.com/company/certification.html ("When using

the pCloud service, user data is transferred to our outsourced servers via TLS/SSL protocol and

is copied on at least three server locations"); *Security*, PCLOUD – FEATURES,

https://www.pcloud.com/features/security.html ("With pCloud, your files are stored on at least three server locations in a highly secure data storage area.").

66.     With regard to Claim 6-7 of the '270 Patent, pCloud Business displays over the Internet a list of files stored on its virtual server for a particular user including information about those files, as shown below:



67.     pCloud configures, maintains, operates, and uses the Accused Systems and provides controlled authorization to its customers to access and use the Accused Systems via an internet browser or by downloading and using an application (software) on a user device.

68.     Specifically, as provided by pCloud's Terms and Conditions, pCloud controls customer access and use by requiring customers who want to use the Accused Systems to give pCloud permission to host the customer's data and access the customer's computer, tablet, or

mobile device. *See Terms and Conditions*, PCLOUD,

https://www.pcloud.com/terms_and_conditions.html.  pCloud further requires its customers to

give pCloud permission to upload, download, and share the customer's data when the customer

asks pCloud to do so.  *Id.*

69.     Furthermore, pCloud controls customer access by requiring customers wishing to

use the Accused Systems to create a personal account identification.  pCloud directs customers to

enter their name, email address, and a password to create a personal account identification and

subsequently access and use the Accused Systems.  *See id.*

70.     pCloud further directs and controls the customer's use of the Accused Systems by

requiring customers to use the Accused Systems in the manner designed by pCloud in order to

receive any of the benefits of using its system.  *See Business Agreement*, PCLOUD,

https://www.pcloud.com/business_agreement.html.  Instructions for using the Accused Systems

pursuant to pCloud's methods are found at <https://www.pcloud.com/help/general-help-center/>.

For example, customers wishing to store their data on the Accused Systems must select the

upload system function on the Accused Systems and subsequently select files from the user's

computer, tablet, or mobile device to upload the files to the Accused Systems, as discussed at

<https://www.pcloud.com/help/general-help-center/can-i-share-a-file-or-folders>.  Likewise,

customers wishing to download files must select the files and the download system function on

the Accused Systems.  Customers cannot use the Accused System in any way that is not

provided by pCloud.

71.     With regard to pCloud Business, pCloud directs how customers set up

subaccounts and how customers set permissions for the accounts.  For example,

<https://www.pcloud.com/help/business-help-center/> directs how customers can use pCloud

Business and <https://www.pcloud.com/help/pcloud-for-family/> directs how customers can use pCloud Family.

72.     Therefore, pCloud is solely responsible for infringement of the Asserted Patents by providing the infrastructure and operating systems for the Accused Systems and directing and controlling how its customers use the Accused Systems.

73.     By operating the Accused Systems and offering and providing virtual data storage to its customers, pCloud has and is continuing to directly infringe the Asserted Patents and actively directs others to jointly infringe the Asserted Patents throughout the United States, including customers within this District.

74.     Justservice has been and will continue to suffer damages as a result of pCloud's infringing acts.

## COUNT I –   INFRINGEMENT OF THE '990 PATENT

75.     Justservice realleges and incorporates herein paragraphs 1 through 74 as though fully set forth herein.

76.     The '990 Patent includes 18 claims.  pCloud, without authorization or license from Justservice, has been and is presently directly infringing one or more of these claims by making, operating, and/or using systems, including without limitation, the Accused Systems.

77.     pCloud also controls and directs customers' use of the Accused Systems by, among other reasons, requiring customers to utilize authorized accounts and secure identification to access and use the Accused Systems to carry out functions that perform one or more of the claim steps of one or more of the claims in the '990 Patent in manners set forth by pCloud.

78.     pCloud directs and controls customers' use of the Accused Systems by providing instructions to use and requiring customers to use the Accused Systems in manners set forth by pCloud.

79.     More specifically and without limitation, and as exemplified in paragraphs 35-41, *supra*, pCloud has been and is infringing, either directly or under the doctrine of equivalents, at least Claims 12-14 of the '990 Patent by (1) making and using the Accused Systems, (2) selling and offering for sale infringing services, and/or (3) directing and controlling customer access to, and use of, the Accused Systems in the United States.

80.     pCloud is thus liable for direct infringement of the '990 Patent pursuant to 35 U.S.C. § 271(a).

81.     pCloud's acts of infringement have occurred in Texas and throughout the United States.

82.     As a result of pCloud's infringing conduct, Justservice has suffered and will continue to suffer damages.  pCloud is liable to Justservice in an amount that adequately compensates it for pCloud's infringement in an amount that is no less than a reasonable royalty, together with interest and costs as fixed by this court under 25 U.S.C. § 284.

83.     As a result of pCloud's infringing conduct, Justservice has suffered and will continue to suffer irreparable harm.  Justservice is entitled to an injunction under 35 U.S.C. § 283.

## COUNT II – INFRINGEMENT OF THE '776 PATENT

84.     Justservice realleges and incorporates herein paragraphs 1 through 74 as though fully set forth herein.

85.     The '776 Patent includes 11 claims.  pCloud, without authorization or license from Justservice, has been and is presently directly infringing one or more of these claims by making, operating, and/or using systems, including without limitation, at least pCloud Business.

86.     pCloud also directs and controls customers' use of pCloud Business by, among other things, requiring customers to utilize authorized accounts and secure identification access and use pCloud Business to carry out functions that perform one or more of the claim steps of one or more of the claims in the '776 Patent in manners set forth by pCloud.

87.     pCloud directs and controls customers' use of pCloud Business by providing instructions to use and requiring customers to use pCloud Business in manners set forth by pCloud.

88.     More specifically and without limitation, and as exemplified in paragraphs 42-47, *supra*, pCloud has been and is directly infringing, either literally or under the doctrine of equivalents, at least Claims 1-2 and 8-9 of the '776 Patent by (1) making and using at least pCloud Business, (2) selling and offering for sale infringing services, and/or (3) directing and controlling customer access to, and use of, at least pCloud Business, in the United States.

89.     pCloud is thus liable for direct infringement of the '776 Patent pursuant to 35 U.S.C. § 271(a).

90.     pCloud's acts of infringement have occurred in Texas and elsewhere throughout the United States.

91.     As a result of pCloud's infringing conduct, Justservice has suffered and will continue to suffer damages.  pCloud is liable to Justservice in an amount that adequately compensates it for pCloud's infringement in an amount that is no less than a reasonable royalty, together with interest and costs as fixed by this court under 25 U.S.C. § 284.

92.     As a result of pCloud's infringing conduct, Justservice has suffered and will continue to suffer irreparable harm.  Justservice is entitled to an injunction under 35 U.S.C. § 283.

## COUNT III – INFRINGEMENT OF THE '542 PATENT

93.     Justservice realleges and incorporates herein paragraphs 1 through 74 as though fully set forth herein.

94.     The '542 Patent includes 16 claims.  pCloud, without authorization or license from Justservice, has been and is presently directly infringing one or more of these claims by making, operating, and/or using systems, including without limitation, at least pCloud Business and Family.

95.     pCloud also directs and controls customers' use of pCloud Business and Family by, among other things, requiring customers to utilize authorized accounts and secure identification access and use pCloud Business and Family to carry out functions that perform one or more of the claim steps of one or more of the claims in the '542 Patent in manners set forth by pCloud.

96.     pCloud directs and controls customers' use of pCloud Business and Family by providing instructions to use and requiring customers to use pCloud Business and Family in manners set forth by pCloud.

97.     More specifically and without limitation, and as exemplified in paragraphs 48-57, *supra*, pCloud has been and is directly infringing, either literally or under the doctrine of equivalents, at least Claims 1-8 of the '542 Patent by (1) making and using at least pCloud Business, (2) selling and offering for sale infringing services, and/or (3) directing and controlling customer access to, and use of, at least pCloud Business and Family, in the United States.

98.     pCloud is thus liable for direct infringement of the '542 Patent pursuant to 35 U.S.C. § 271(a).

99.     pCloud's acts of infringement have occurred in Texas and elsewhere throughout the United States.

100.    As a result of pCloud's infringing conduct, Justservice has suffered and will continue to suffer damages.  pCloud is liable to Justservice in an amount that adequately compensates it for pCloud's infringement in an amount that is no less than a reasonable royalty, together with interest and costs as fixed by this court under 25 U.S.C. § 284.

101.    As a result of pCloud's infringing conduct, Justservice has suffered and will continue to suffer irreparable harm.  Justservice is entitled to an injunction under 35 U.S.C. § 283.

## COUNT IV – INFRINGEMENT OF THE '993 PATENT

102.    Justservice realleges and incorporates herein paragraphs 1 through 74 as though fully set forth herein.

103.    The '993 Patent includes 16 claims.  pCloud, without authorization or license from Justservice, has been and is presently directly infringing one or more of these claims by making, operating, and/or using systems, including without limitation, at least pCloud Business and Family.

104.    pCloud also controls and directs customers' use of pCloud Business and Family by, among other things, requiring customers to utilize authorized accounts and secure identification to access and use pCloud Business and Family to carry out various functions that perform one or more of the claim steps of one or more of the claims in the '993 Patent in manners set forth by pCloud.

105.    pCloud directs and controls customers' use of pCloud Business and Family by providing instructions to use, and requiring customers to use, pCloud Business and Family in manners set forth by pCloud.

106.    More specifically and without limitation, and as exemplified in paragraphs 58-60, *supra*, pCloud has been and is directly infringing, either literally or under the doctrine of equivalents, at least Claim 16 of the '993 Patent by (1) making and using at least pCloud Business, (2) selling and offering for sale infringing services, and/or (3) directing and controlling customer access to, and use of, at least pCloud Business and Family, in the United States.

107.    pCloud is thus liable for direct infringement of the '993 Patent pursuant to 35 U.S.C. § 271(a).

108.    pCloud's acts of infringement have occurred in Texas and elsewhere throughout the United States.

109.    As a result of pCloud's infringing conduct, Justservice has suffered and will continue to suffer damages.  pCloud is liable to Justservice in an amount that adequately compensates it for pCloud's infringement in an amount that is no less than a reasonable royalty, together with interest and costs as fixed by this court under 25 U.S.C. § 284.

110.    As a result of pCloud's infringing conduct, Justservice has suffered and will continue to suffer irreparable harm.  Justservice is entitled to an injunction under 35 U.S.C. § 283.

## <u>COUNT V – INFRINGEMENT OF THE '270 PATENT</u>

111.    Justservice realleges and incorporates herein paragraphs 1 through 74 as though fully set forth herein.

112.    The '270 Patent includes 15 claims.  pCloud, without authorization or license from Justservice, has been and is presently directly infringing one or more of these claims by making, operating, and/or using systems, including without limitation, at least pCloud Business.

113.    pCloud also directs and controls customers' use of pCloud Business by, among other things, requiring customers to utilize authorized accounts and secure identification to access and use pCloud Business to carry out functions that perform one or more of the claim steps of one or more of the claims in the '270 Patent in manners set forth by pCloud.

114.    pCloud directs and controls customers' use of pCloud Business by providing instructions to use, and requiring customers to use, the pCloud Business in manners set forth by pCloud.

115.    More specifically and without limitation, and as exemplified in paragraph 61-66, *supra*, pCloud has been and is directly infringing, either literally or under the doctrine of equivalents, at least Claims 1-3 and 5-7 of the '270 Patent by (1) making and using at least pCloud Business, (2) selling and offering for sale infringing services, and/or (3) directing and controlling customer access to, and use of, at least pCloud Business, in the United States.

116.    pCloud is thus liable for direct infringement of the '270 Patent pursuant to 35 U.S.C. § 271(a).

117.    pCloud's acts of infringement have occurred within this District and elsewhere throughout the United States.

118.    As a result of pCloud's infringing conduct, Justservice has suffered and will continue to suffer damages.  pCloud is liable to Justservice in an amount that adequately compensates it for pCloud's infringement in an amount that is no less than a reasonable royalty, together with interest and costs as fixed by this court under 25 U.S.C. § 284.

119.    As a result of pCloud's infringing conduct, Justservice has suffered and will continue to suffer irreparable harm.  Justservice is entitled to an injunction under 35 U.S.C. § 283.

## REQUEST FOR RELIEF

WHEREFORE, Justservice respectfully requests that this Court enter judgment as follows:

A.    Declaring pCloud has directly infringed literally and/or under the doctrine of equivalents one or more claims of the '990, '776, '542, '993, and '270 Patents;

B.    Declaring that the Asserted Patents are valid and enforceable;

C.    Ordering that pCloud, its officers, directors, agents, servants, employees, privies, representatives, attorneys, parent and subsidiary corporations or other related entities, successors, assigns, licensees, retail distributors, and all persons in active concert or participation with any of them, be preliminarily and permanently enjoined from further acts of infringement of the Asserted Patents;

D.    Awarding damages in an amount to be proven at trial, but in no event less than a reasonable royalty, for pCloud's infringement;

E.    Awarding reasonable attorneys' fees against pCloud to Justservice as provided by 25 U.S.C. § 285 or other relevant law or provision;

F.    Awarding expenses, costs, and disbursements in this action against pCloud, including prejudgment and post-judgment interest; and

G.    Awarding such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Justservice hereby demands

a trial by jury in this action of all claims so triable.

Dated:  November 30, 2021                              Respectfully submitted,


By: _____
Michael C. Smith (SBN 18650410)
Michael.Smith@solidcounsel.com
Scheef & Stone, LLP
113 East Austin Street
Marshall, Texas  75670
Telephone: 903-938-8900

Todd P. Blakely (to be admitted *pro hac vice*)
        tblakely@sheridanross.com
Paul Sung Cha (to be admitted *pro hac vice*)
        pscha@sheridanross.com
Alex W. Ruge (to be admitted *pro hac vice*)
        aruge@sheridanross.com
Stephanie N. McConkie (to be admitted *pro hac vice*)
        smcconkie@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone:       303-863-9700
Facsimile:       303-863-0223
E-mail:          litigation@sheridanross.com

Attorneys for Plaintiff Justservice.net LLC